UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MAGNA POWERTRAIN DE MEXICO S.A. DE C.V.,

                        Plaintiff,

v.                                                          1:16-CV-0718
                                                            (GTS/CFH)
MOMENTIVE PERFORMANCE MATERIALS
USA LLC; and SILEX ONE S.A. DE C.V,

                        Defendants.
_____

APPEARANCES:                                        OF COUNSEL:

HONIGMAN MILLER SCHWARTZ & COHN LLP        GABRIEL E. BEDOYA, ESQ.
  Counsel for Plaintiff                                     JASON R. ABEL, ESQ.
2290 First National Building
660 Woodward Avenue
Detroit, MI 48226

HOLLINGSWORTH, LLP                                  CATHERINE E. STOLAR, ESQ.
  Counsel for Defendant Momentive                  FRANK LEONE, ESQ.
1350 I Street, NW                                         GREGORY S. CHERNACK, ESQ.
Washington, DC 20005

BOND, SCHOENECK & KING PLLC                  THOMAS R. SMITH, ESQ.
  Co-Counsel for Defendant Momentive
One Lincoln Center
Syracuse, NY 13202

CABANAS LAW FIRM                                    ALFONSO CABANAS, JR., ESQ.
  Counsel for Defendant Silex
310 South St. Mary's St., Suite 955
San Antonio, TX 78205

MENTER, RUDIN & TRIVELPIECE, P.C.            MITCHELL J. KATZ, ESQ.
  Co-Counsel for Defendant Silex
308 Maltbie Street, Suite 200
Syracuse, NY 13204-1498

GLENN T. SUDDABY, Chief United States District Judge

## DECISION and ORDER

Currently before the Court, in this breach-of-contract action filed by Magna Powertrain de Mexico S.A. de C.V. ("Plaintiff" or "Magna") against Momentive Performance Materials USA LLC ("Defendant Momentive" or "Momentive") and Silex One S.A. de C.V. ("Defendant Silex" or "Silex"), is Defendant Silex's motion to dismiss Plaintiff's Amended Complaint for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2).  (Dkt. No. 77.)  For the reasons set forth below, Defendant Silex's motion is denied as moot; the Court *sua sponte* finds, pursuant to Fed. R. Civ. P. 12(h)(3), that it lacks subject-matter jurisdiction over Plaintiff's Amended Complaint because of lack of complete diversity of the parties; and the Court remands this action to the Circuit Court for the County of Oakland (Sixth Judicial Circuit), State of Michigan, pursuant to 28 U.S.C. § 1447(c).

## I.    RELEVANT BACKGROUND

### A.    Plaintiff's Amended Complaint

Generally, liberally construed, Plaintiff's Amended Complaint alleges as follows.  (Dkt. No. 50 [Pl.'s Am. Compl.].)  In 2002, Defendant Momentive, a Delaware corporation with its principal place of business in Waterford, New York, began directly supplying to Plaintiff (whose manufacturing facility was, at that time, located in Syracuse, New York) RTV1673LV sealant (the "Sealant") for use in the manufacturing of transfer cases for FiatChrysler vehicles.  (*Id.* at ¶¶ 2-6, 11.) "Under both Momentive's Conditions of Sale and Technical Data Sheet for the Sealant . . .  Momentive gave express warranties to [Plaintiff] that, among other things, the Sealant conformed to the product's specifications."  (*Id.* at ¶ 12.)

2

In 2010, Plaintiff moved its facilities from Syracuse, New York, to Ramos Arizpe, Mexico, its current principal place of business.[1] (*Id.* at ¶ 13.) "In connection with that move, Momentive directed [Plaintiff] to purchase the Sealant from Defendant Silex ('Silex'), its authorized distributor and agent in Mexico." (*Id.* at ¶ 14.) Silex is a Mexican corporation with its principal place of business in Garza Garcia, Nuevo Leon, Mexico. (*Id.* at ¶ 4.) Plaintiff began to purchase the Sealant through Silex; but Momentive remained Plaintiff's primary business contact for all matters regarding the Sealant. (*Id.* at ¶ 15.)

"On or around January 7, 2014, Momentive shipped to Magna 12 drums of Sealant ('Batch 13NWFA006'). The base material for Batch 13NWFA006 was produced by Momentive on December 6, 2013 . . . [and] was pigmented by Momentive on December 19 and 20, 2013." (*Id.* at ¶ 16.) "On or around October 3, 2014, Magna personnel discovered that Batch 13NWFA006 was failing to cure (i.e., harden or seal) after application to Magna's transfer cases." (*Id.* at ¶ 18.)

Plaintiff immediately notified Momentive of the defect and returned the remaining and unused drums of Sealant containing Batch 16NWFA006. (*Id.* at ¶¶ 19-20.) Upon receipt of the returned drums, Momentive tested and analyzed Batch 13NWFA006 to determine why the Sealant failed to cure. (*Id.* at ¶¶ 21-24.) On November 11, 2014, Momentive issued a report finding that the drums were contaminated with acetic acid and that the "pigmentation process was the 'most probable contamination source' of acetic acid in the Sealant." (*Id.* at ¶ 25.)

---

[1]    Plaintiff notes in its Amended Complaint that it is a Mexican corporation. (Dkt. No. 50, at ¶ 2 [Pl.'s Am. Compl.].)

Plaintiff manufactured 36,794 transfer cases with the defective Sealant.  (*Id.* at ¶ 29.)
Plaintiff was able to repair 9,014 of those transfer cases at a cost of approximately $8.2 million.
(*Id.* at ¶¶ 30-31.)  "The other 27,780 units were installed in FiatChrysler vehicles that were sold
before the problem was identified," and, should FiatChrysler issue a warranty recall or field
action, Plaintiff estimates its total costs will surpass $30 million.  (*Id.*)

Based on these factual allegations, Plaintiff's Amended Complaint asserts two claims
against Momentive and Silex: (1) breach of contract and express warranty; and (2) breach of
implied warranty.  (*Id.* at ¶¶ 32-44.)  Familiarity with the factual allegations supporting these
claims in Plaintiff's Amended  Complaint is assumed in this Decision and Order, which is
intended primarily for review by the parties.  (*Id*.)

### B.     Procedural History

On March 15, 2016, the Complaint was filed in the Circuit Court for the County of
Oakland, State of Michigan against a single defendant, Momentive.  (Dkt. No. 1, Ex. 1
[Summons and Complaint].)  On April 6, 2016, action was removed to the United States District
Court for the Eastern District of Michigan. (Dkt. No. 1 [Notice of Removal].)  On June 16, 2016,
United States District Judge David M. Lawson issued an Opinion and Order transferring the case
to the Northern District of New York.  (Dkt. No. 21 [Opinion and Order filed Jun. 16, 2016].)
On September 14, 2016, Plaintiff filed its Amended Complaint, which became the operative
pleading in this action and superseded the original Complaint in all respects.  (Dkt. No.  50.)
That filing was made with Momentive's written consent pursuant to Fed. R. Civ. P. 15(a)(2).
(Dkt. No. 55.)  In its Amended Complaint, Plaintiff listed Silex as a second defendant, and on
September 14, 2016 summons was issued to Silex. (Dkt. No. 52 [Summons Issued to Silex].)  On

June 20,2017, Silex filed its motion to dismiss pursuant to Fed. R. Civ. 12(b)(2) for lack of personal jurisdiction, or, in the alternative, dismissal under the doctrine of *forum non conveniens*. (Dkt. No. 77, Attach. 5 [Def. Silex's Mem. of Law].)

### C.    Parties' Briefing on Defendant Silex's Motion to Dismiss

Generally, in support of its motion to dismiss, Silex argues as follows: (1) Plaintiff lacks general personal jurisdiction over Silex; (2) Plaintiff lacks specific jurisdiction over Silex under New York's long-arm statute; and (3) in the alternative, New York is not the appropriate forum under the doctrine of *forum non conveniens*.  (*See generally* Dkt. No.  77, Attach. 5, at 1-7 [Def. Silex's Mem. of Law].)

Generally, in opposition to Silex's motion, Plaintiff argues as follows: (1) New York's Long Arm Statute confers specific personal jurisdiction over Silex because Silex purposefully created a business relationship with Plaintiff; (2) the Court's exercise of personal jurisdiction over Silex comports with Due Process because it does not impose a substantial burden on Silex, Plaintiff's claims against Momentive and Silex are nearly identical, and bifurcation or dismissal of Plaintiff's claims against Silex cut sharply against its ability to recover damages; and (3) dismissal under the doctrine of *forum non conveniens* is improper because Silex has not pleaded the relevant elements, the forum-selection clause in Plaintiff's Purchase Order Terms and Conditions does not apply to Plaintiff's claims because Momentive is not located in Mexico, and the forum-selection clause is inapplicable as to the breach of implied warranty claim because it does not arise under the Purchase Order's terms.  (*See generally* Dkt. No.  80 [Pl.'s Opp'n Mem. of Law].)

Generally, in its reply, Defendant Silex argues as follows: (1) personal jurisdiction does not exist in New York because (a) Plaintiff fails to explain how the Purchase Order terms and conditions were effective prior to the delivery date of the defective Sealant, (b) there is no agency relationship between Silex and Momentive, and, even if there was, New York law does not subject agents to personal jurisdiction, (c) the Sealant was shipped to Silex in Mexico and Silex did not enter New York to obtain the product, and (d) exercise of personal jurisdiction in New York does not comport with Due Process because Silex is a Mexican corporation that would have to defend suit over two thousand miles away; and (2) regarding *forum non conveniens*, Plaintiff's chosen venue is not only inconvenient but also unavailable for lack of personal jurisdiction.  (*See generally* Dkt. No. 81 [Def. Silex's Reply Mem. of Law].)

Defendant Momentive also submitted a reply to Plaintiff's opposition to Defendant Silex's motion to dismiss; in that reply, Defendant Momentive generally argues that Plaintiff has not met its burden to demonstrate that Silex was an agent of Momentive for the following reasons: (1) the Purchase Order "does not mention Momentive, let alone describe Silex as its 'authorized agent;'" (2) Plaintiff does not provide evidence that Momentive directed Plaintiff to purchase sealant from Silex; (3) Plaintiff's assertion that "Momentive was, and continues to be, [Plaintiff]'s primary contact for all matters related to the manufacturing and purchase of sealant" has nothing to do with Momentive's relationship with Silex; (4) Plaintiff does not provide evidence that Silex "worked under Momentive's exclusive direction and control when executing [Plaintiff]'s purchase orders;" (5) Momentive did not "approve" the sealant for Plaintiff's use in Mexico; (6) the participation between Plaintiff's representatives and Momentive regarding the Sealant's chemical test does not demonstrate a principal-agency relationship between

Momentive and Silex; and (7) Plaintiff fails to address the specific language in the Distributor Agreement between Silex and Momentive which states that Silex is not Momentive's agent. (*See generally* Dkt. No. 82 [Def. Momentive's Reply. to Pl.'s Opp'n Mem. of Law].)

## II.    RELEVANT LEGAL STANDARD

### A.    Standard Governing Dismissals for Lack of Subject Matter Jurisdiction

"It is a fundamental precept that federal courts are courts of limited jurisdiction." *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). Generally, a claim may be properly dismissed for lack of subject-matter jurisdiction where a district court lacks constitutional or statutory power to adjudicate it. *Makarova v. U.S.*, 201 F.3d 110, 113 (2d Cir. 2000). A district court may look to evidence outside of the pleadings when resolving a motion to dismiss for lack of subject-matter jurisdiction. *Makarova*, 201 F.3d at 113. The plaintiff bears the burden of proving subject-matter jurisdiction by a preponderance of the evidence. *Makarova*, 201 F.3d at 113 (citing *Malik v. Meissner*, 82 F.3d 560, 562 [2d Cir. 1996]). When a court considers a dismissal for lack of subject-matter jurisdiction, all ambiguities must be resolved and inferences drawn in favor of the plaintiff. *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005) (citing *Makarova*, 201 F.3d at 113). Finally, a court may *sua sponte* dismiss a complaint for lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

## III.    ANALYSIS

Although neither has party raised the issue in their memoranda of law, the Court finds that a question exists that must be addressed before the Court considers Defendant Silex's motion to dismiss: whether the Court possesses subject-matter jurisdiction over this action. After carefully considering the matter, the Court answers this question in the negative for the following reasons.

The Supreme Court interprets the diversity statute to require a "complete diversity" of citizenship. *Carden v. Arkoma Assoc.*, 494 U.S. 185, 186 (1990) (citing *Stawbridge v. Curtis*, 7 U.S. 267, 267 [1806]). Diversity is lacking where the only parties are foreign entities, or where on one side there are citizens and aliens and on the opposite side there are only aliens. *Univ. Licensing Corp. v. Paola  Del Lungo S.P.A.*, 293 F.3d 579, 581 (2d Cir. 2002). Subject-matter jurisdiction can never be waived or forfeited. *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012). When a requirement goes to subject-matter jurisdiction, courts are obligated to consider *sua sponte* issues that parties have disclaimed or have not presented. *Gonzalez*, 565 U.S. at 141 (citing *United States v. Cotton*, 535 U.S. 625, 630 [2002]).

"Where subject matter or personal jurisdiction is difficult to determine, and *forum non conveniens* considerations weigh heavily in favor of dismissal, the court properly takes the less burdensome course." *Sinochem Int'l Co. Ltd. v. Malaysia Int'l. Shipping Co.*, 549 U.S. 422, 436 (2007). However, "if a court can readily determine that it lacks jurisdiction over the cause or the defendant, the proper course would be to dismiss on that ground. In the mine run of cases, jurisdiction 'will involve no arduous inquiry' and both judicial economy and the considerations ordinarily accorded the plaintiff's choice of forum 'should impel the federal court to dispose of [those] issue[s] first.'" *Sinochem Int'l Co., Ltd.*, 549 U.S. at 436 (quoting *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 587-88 [1999]).

In the present case, Plaintiff is a citizen of Mexico by virtue of being a Mexican corporation and having its corporation's principal place of business located in Ramos Arizpe, Coahuila, Mexico. (Dkt. No. 50, at ¶ 2 [Pl.'s Am. Compl.].) The Amended Complaint names Momentive and Silex as defendants. (*Id.* at ¶¶ 3-4.) Momentive is a citizen of Delaware and

New York, because its company is incorporated in Delaware with its principal place of business located in Waterford, New York.  (*Id.* at ¶ 3.)  Silex is a citizen of Mexico by virtue of being a Mexican corporation and having its corporation's principal place of business located in Garza Garcia, Nuevo Leon, Mexico.  (*Id.* at ¶ 4.)  Because there are alien parties on each side of this case, the Amended Complaint does not meet the complete diversity requirement for subject-matter jurisdiction.  *See Vision en Analisis y Estrategia, S.A. de C.V. v. Andersen*, No. 14-CV-8016, 2015 WL 4510772, at *3 (S.D.N.Y. July 24, 2015) (holding that the complaint did not meet the complete diversity requirement for subject-matter jurisdiction where the plaintiff was a citizen of Mexico and defendants were citizens of Brunei and Bermuda and New York); *Agricola ABC, S.A. de C.V. v. Chiquita Fresh N. Am., LLC*, 10-CV-0772, 2011 WL 6396595, at *6 (S.D. Cal. Dec. 20, 2011) (finding no complete diversity because plaintiff and two of the three defendants were Mexican citizens); *Cuellar v. Orica USA, Inc.*, 08-CV-083, 2009 WL 10669533, at *3-5 (W.D. Tex. Sept. 29, 2009) (finding no complete diversity because plaintiff and defendants were Mexican citizens, and concluding that analysis of personal jurisdiction and *forum non conveniens* was unnecessary because "subject matter jurisdiction involves no arduous inquiry").  Because complete diversity is not present, the Court lacks subject-matter jurisdiction over Plaintiff's Amended Complaint.

In response to a possible argument that it is hornbook law that diversity of citizenship is governed by the facts that existed "at the time of filing," the Court notes that the "filing" (in that point of law) is most-properly understood as referring to the filing not of the action but of the operative complaint.  This is because, for example, a plaintiff can destroy existing diversity jurisdiction by filing an amended complaint that adds a non-diverse party as a defendant.  *See,*

*e.g., Cohen v. Schroeder,* 248 F. Supp.3d 511, 516 (S.D.N.Y. 2017); *Coniglio v. The Andersons, Inc.,* 03-CV-0153, 2004 WL 1228393, at *7 (W.D.N.Y. June 3, 2004); *Goodman v. Polyvinyl Films, Inc.*, 95-CV-3365, 1999 WL 33030, at *1 (S.D.N.Y. Jan. 21, 1999); *cf.* 28 U.S.C. § 1447(e) ("If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.").

In response to a possible argument that the Court possesses the discretion to *sua sponte* vacate U.S. Magistrate Judge Christian F. Hummel's Order of September 16, 2016, approving the parties' Stipulation consenting to the filing of the Amended Complaint so as to restore subject-matter jurisdiction, the Court rejects that argument.  As an initial matter, the Court finds that the Order was unnecessary (and thus vacating it would do nothing to restore subject-matter jurisdiction).[2]  In any event, even if the Order was necessary under Fed. R. Civ. P. 21, the Court finds that it lacks subject-matter jurisdiction to vacate it: more specifically, because the Order caused the Amended Complaint to become the operative pleading in this action, and because that operative pleading has deprived the Court of subject-matter jurisdiction over the action, the

_____

[2]     Although the parties' Stipulation consenting to the filing of the Amended Complaint was labeled also as an "Order" and signed also by Magistrate Judge Hummel, the Court finds that the Amended Complaint was not filed "with . . . the court's leave" for purposes of Fed. R. Civ. P. 15(a)(2): no motion to amend was filed, no balancing of the factors governing such a motion was expressly conducted by Magistrate Judge Hummel, and no conditions of amendment were presented for his approval.  (Dkt. No. 55.)  Rather, the Amended Complaint was clearly filed "with the opposing party's written consent" for purposes of Fed. R. Civ. P. 15(a)(2).  Because the filing of such a stipulation alone permits the amended complaint, the filing renders the "So Ordering" of the stipulation a superfluity.  *See, e.g., Fern v. US,* 213 F.2d 674, 677 (9th Cir. 1954) ("As to the action of the court in ordering the [parties' stipulated] amendment of August 18, 1952, it had no choice in the matter. Once the adverse party has consented to the amendment of a pleading, the court has no control over the matter under Rule 15(a).").

Court finds that it lacks the power to vacate the Order. *See Santander Consumer USA, Inc. v. Manheim Auto. Fin. Servs., Inc.*, 652 F. Supp.2d 805, 806 (W.D. Tex. 2009) ("[T]he Court hesitates to assert jurisdiction that it no longer possesses and vacate its prior order granting leave to amend . . . ."). Furthermore, even if the Court possessed the power to *sua sponte* dismiss Silex as a party under Fed. R. Civ. P. 21, it would decline to do so because (1) both Plaintiff and Defendant Momentive have expressed a desire that Silex be a party to the action and (2) Silex has been a party in this action for more than eighteen months.

Finally, because this action originated in federal court only through removal from state court, the Court finds that remand to that state court is appropriate. The Court notes that, under the circumstances, it possesses the authority to remand an action to a state court in a state other than New York. *See Wilde v. Merck,* 12-CV-3953, 2013 WL 603187, at *1 (S.D.N.Y. Feb. 14, 2013) (granting plaintiff's motion to remand action to Pennsylvania state court, from which the case had been removed by defendant to the W.D. Pa. before the case had been transferred from the W.D. Pa. to the S.D.N.Y.); *Rubin v. MasterCard Int'l, LLC,* 342 F. Supp.2d 217, 218, 221 (S.D.N.Y. 2004) (granting plaintiff's motion to remand action to Florida state court, from which the case had been removed by defendant to the S.D. Fla. before the case had been transferred from the S.D. Fla. to the S.D.N.Y.).[3]

---

[3]    *Cf. Dickerson Enter., Inc. v. MRPI Corp.*, 12-CV-3025, 2012 WL 3113913, at *2 (N.D. Iowa July 31, 2012) (remanding case to Kansas state court after defendant improperly removed the case from Kansas state court to N.D. Iowa instead of D. Kansas); *In re Asbestos Products Liability Litigation (No. VI)*, MDL-875, 2010 WL 11553167 (E.D. Pa. June 24, 2010) (remanding multidistrict litigation cases to Texas state court); 28 U.S.C. § 1447(d) (discussing an order remanding a case "to the State court from which it was removed").

Should Plaintiff wish (for some reason) to re-file this action in this Court without naming Silex as a Defendant, Plaintiff is of course free to do so (assuming the filing fee has been paid, and the filing is permitted by the relevant statute of limitations, relevant abstention doctrine, and doctrine of res judicata); in such event, the Clerk's Office shall re-assign that case to the undersigned.

**ACCORDINGLY**, it is

**ORDERED** that Defendant Silex's motion to dismiss Plaintiff's Amended Complaint for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2) (Dkt. No. 77) is **DENIED as moot**; and it is further

**ORDERED** that, pursuant to 28 U.S.C. § 1447(c), this action is **REMANDED** to the Circuit Court for the County of Oakland (Sixth Judicial Circuit), State of Michigan, without costs and expenses to either party.  The Clerk is directed to forward a copy of this Decision and Order to the Clerk of the Circuit Court for the County of Oakland (Sixth Judicial Circuit), State of Michigan, and close this action.

Dated: March 23, 2018
      Syracuse, New York

Hon. Glenn T. Suddaby
Chief U.S. District Judge